## LEVI GREENLEAF vs. BENJAMIN F. HAMILTON.

### York. Opinion May 10, 1900.

*Sales. Delivery. Action.*

To maintain an action for goods sold and delivered, proof of an actual delivery to and acceptance by the purchaser of the goods is essential.

Delivery and acceptance are questions of fact and are to be proved as other facts may be proved. They may be established by direct testimony or may be proved by circumstances.

The acts of the purchaser, or his failure to act, may be properly considered upon the question of delivery and acceptance.

The defendant agreed in writing to take and pay for at a certain price one copy of a book to be thereafter published. The agent of the publishers took a copy of the book to the defendant's law office for delivery. Being informed by the person in charge of the office that the defendant was out of town, he left the copy of the book at the defendant's office, informing the person in charge of the office that the defendant had subscribed for it. At the trial of an action for the agreed price by the assignee of the publisher against the defendant, the foregoing facts having been shown in evidence, the defendant introduced no testimony in defense.

*Held;* that the question of delivery and acceptance should have been submitted to the jury, and that it was error for the presiding justice to order a verdict for the defendant.

ON EXCEPTIONS BY PLAINTIFF.

The case is stated in the opinion.

*L. Greenleaf,* for plaintiff.

Where there may be uncertainty and difficulty in determining the true intent of the parties respecting the delivery and acceptance from the facts proved, the question of acceptance is to be decided by the jury. (14 Me. 403; 14 Me. 303.)

When delivered and placed in his own office with his clerk, as this was, the property was so situated that the defendant was entitled to, and could rightfully take possession of it at his pleasure, he then should be considered as having actually received it—"accepted" it. (37 Me. 556.)

The circumstances fairly give rise to a presumption that the

property was received by the defendant; at least, it is a fair question that a jury should pass on.

There is no evidence that the property was ever returned to the plaintiff or to the publisher, and therefore it should be presumed that it was "accepted" by the defendant. There can be no question as to the delivery by the agent of the publisher, and the circumstances most certainly show that an acceptance was made by the defendant. To complete a delivery, acceptance must take place, which may be presumed from the grantee's possession and all the surrounding circumstances of the individual case. (4 Pick. 518.)

Delivery may be made by an agent as well as by the grantor himself. (9 Mass. 307 ; 3 Metc. (Mass.) 412.)

It is not necessary to be a delivery, that the property should pass into the hands of the vendee; if it is so situated that he is entitled to and can rightfully take possession of it at his pleasure, the sale is perfected. (37 Me. 556.)

Where plaintiff tendered delivery at proper time and place, and left the goods at such place, it was no defense to an action for the price that no one was there to receive them.

What constitutes an acceptance must of course depend in each case upon the particular circumstances arising.

An acceptance may be by express language, or, as is most invariably the case, by a mere inference from the conduct of the buyer, as for example, his detention of the property sold, or his exercising acts of ownership over it.

The duty of acceptance is one imposed by the contract, and if the buyer refuses compliance with it, the law presumes an acceptance and allows the seller to maintain an action for "goods sold and delivered" without any proof of actual acceptance. *Nichols* v. *Morse*, 100 Mass. 523.

*Geo. F. and Leroy Haley*, for defendant.

There is no act of the defendant in evidence, there is no word of his, that shows that he ever accepted it, or knew where the book was.

In *Gowen* v. *Knowles*, 118 Mass. 282, the receipt of goods by a

boy at plaintiff's place of business was held insufficient to prove an acceptance although the defendants' examiner examined two cases and defendants would not testify that the goods were not included in a proof of loss made by them for damage by fire.  In that case, there was no contract agreed upon as regard to time, but the goods were sent to the defendants and received as above.  And if they had accepted them they would have been liable for goods sold and delivered, but the court held they were not liable in that form of action.

SITTING:   EMERY, HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J.   This is an action of assumpsit to recover the price of a certain book entitled, "Men of Progress."

The case comes to us upon exceptions by the plaintiff to a ruling of the judge of the Superior Court for the county of Cumberland, in which court the case was entered and tried, directing the jury to return a verdict for the defendant.

April 8, 1896, the defendant, by his written order of that date directed to the New England Magazine, a publishing concern of Boston, Mass., requested said publishers to send him one copy of the book above named, and therein agreed to pay therefor the sum of thirty-five dollars.

August 14, 1897, the publishers' delivering agent called at the defendant's office and was informed by some persons there present that the defendant was out of the city at that time.ᵃ Thereupon the agent left a copy of the book at the defendant's office and informed those present that the defendant had subscribed for the work.

The defendant did not testify at the trial nor did he offer any testimony in defense.

The publishers assigned the claim to the plaintiff who brings this suit, as such assignee, to recover the contract price of thirty-five dollars.

The presiding justice ordered the jury to return a verdict for the

defendant " because the plaintiff had failed to show a delivery of the property to the defendant," to which order the plaintiff excepts.

To maintain an action for goods sold and delivered, proof of an actual delivery to and acceptance by the purchaser of the goods sued for is essential. *Atwood* v. *Lucas,* 53 Maine, 508 ; *Edmunds* v. *Wiggin,* 24 Maine, 505; *Moody* v. *Brown,* 34 Maine, 107 ; *Greenleaf* v. *Gallagher,* 93 Maine, 549.

Delivery and acceptance are questions of fact and are to be proved as other facts may be proved. They may be established by direct testimony or may be inferred from circumstances proved in the case.

As stated in *Moody* v. *Brown,* supra, " there must be proof of an acceptance or of acts or words respecting it from which an acceptance may be inferred."

The acts of the purchaser, or his failure to act, may be properly considered upon the question of delivery and acceptance. " Silence and delay for an unreasonable time are conclusive evidence of acceptance. The burden of action is upon the buyer, and he must seasonably notify the seller of his refusal to accept the goods." *White* v. *Harvey,* 85 Maine, 214.

The questions of delivery and acceptance, being of fact, must be determined by the jury.

It is true that when the testimony is clear and uncontradicted, and the inferences to be drawn therefrom are not doubtful or uncertain, the court may decide the question as one of law; but where there may be uncertainty or difficulty in determining the true intent of the parties respecting the delivery and acceptance from the facts proved, the question is to be decided by the jury. *Houdlette* v. *Tallman,* 14 Maine, 400.

In the case at bar neither time or place of delivery of the book subscribed for was stipulated. The publisher had the right to deliver it at a reasonable place and within a reasonable time. Whether, under the circumstances of the case, the defendant's office was a reasonable place for such delivery, and whether from the defendant's subsequent conduct and silence an acceptance could

be properly inferred, were questions which should have been submitted to the jury, and should not have been decided by the presiding justice as a matter of law.

*Exceptions sustained.*